Darren J. Quinn (149679)
LAW OFFICES OF DARREN J. QUINN
12702 Via Cortina, Suite 105
Del Mar, CA 92014
Tel: (858) 509-9401

*Attorneys for Plaintiff WELDENTAL LLC*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

WELDENTAL LLC, a Washington limited liability company,

        Plaintiff,

   v.

WATER PIK, INC., a Delaware corporation, CHURCH & DWIGHT CO., INC., a Delaware corporation,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. **'26 CV 2792 H     GC**

**COMPLAINT**

**DEMAND FOR A JURY TRIAL**

Plaintiff makes the following allegations on information and belief:

## NATURE OF THE ACTION

1.    This is an action for patent infringement under 35 U.S.C. §271.

2.    The infringed patent is federal registered patent number US9,724,178 B2 (Water Flosser Tip Having A Container For Treatment Tablets).

3.    An infringing product Boost Tip for Water Pik water flossers is shown in images below..

 

## THE PARTIES

4.    Plaintiff WELDENTAL LLC is a Washington limited liability company ("WELDENTAL") with its principal place of business in the Southern District of California.  Plaintiff is the owner of federal registered patent number US9,724,178 B2 (Water Flosser Tip Having A Container For Treatment Tablets).

5.    Defendant WATER PIK, INC. is a Delaware corporation ("WATER PIK") that has designated an agent for service of process with the California Secretary of State.   The box for the infringing Boost Tip (Model WTT-1WW) states, in part: "Water Pik, Inc., a subsidiary of Church & Dwight Co., Inc."

6.    Defendant CHURCH & DWIGHT CO., INC. is a Delaware corporation ("CHURCH & DWIGHT") that has designated an agent for service of

process with the California Secretary of State.   The box for the infringing Boost Tip (Model WTT-1WW) states, in part: "Water Pik, Inc., a subsidiary of Church & Dwight Co., Inc."

**JURISDICTION AND VENUE**

7.     This court has jurisdiction of this action under 28 U.S.C. §1331 (federal question) and §1338 (patents, copyrights and trademarks).

8.     Defendants are subject to personal jurisdiction in this district.

    a.     Defendants are registered with the California Secretary of State and have substantial operations, physical assets and employees in California.

    b.     Defendants purposefully directed their activities at residents in California and the Southern District of California.

    c.     Defendants intentionally solicited online orders through their websites (or website stores, including waterpik.com) they control, sold, and shipped ordered products to California, including the Southern District of California.

    d.     Defendants' act of selling products that infringed plaintiff's patent rights was expressly aimed at California and the Southern District of California.

    e.     Defendants knew that plaintiff was located in California by, *inter alia*:

        (i)     Purchasing products from plaintiff, including through plaintiff's website (www.weldental.com) that lists plaintiff's address as:

            Weldental
            2235 Faraday Ave Suite P
            Carlsbad CA 92008

        (ii)     Public records of the United States Patent and Trademark Office that list plaintiff's address in a patent assignment as

2235 Faraday Ave, Carlsbad CA 92008.

f.      Defendants knew that the brunt of the harm from infringement of plaintiff's patent rights was likely to be suffered in California.

g.      Defendants' conduct that infringes plaintiff's patent rights has harmed plaintiff in the Southern District of California.

h.      The court's exercise of jurisdiction in California is reasonable and fair against each of the defendants.  On information and belief, each defendant has millions in revenues from California.

9.    Venue is proper in this district under 28 U.S.C. §1400(b).

a.      On information and belief, defendants or their agents have a regular and established place of business in California to receive numerous products imported from China to California, including receiving the infringing product at issue in this action.

b.      Defendants WATER PIK and/or CHURCH & DWIGHT each has numerous employees in California, including the Southern District of California.  Such employees include professional educators who conduct Lunch & Learn Presentations to dental offices in the Southern District of California.

**Lunch & Learn**
Bring your team together with direct insights from a local Professional Educator in our Arm & Hammer™ and Waterpik™ Lunch & Learn programs.
* * *
**Who are our Professional Educators?**
Dental Hygienists! Educated in the science behind our products, our educators love giving presentations about Arm & Hammer™, TheraBreath™, and Waterpik™ oral health products because they are big believers in how our products work and they use them too!

* * *

©2026 Church & Dwight Co., Inc. All Rights Reserved.

https://www.hygienesquad.com/lunchlearn/

c.      At Lunch & Learn Presentations in the Southern District of

California, employees of defendants WATER PIK and/or CHURCH & DWIGHT promote sales of defendants' products, by explaining to dental offices (which also sell and promote defendants' products):

* How water flossing compares to string floss

* The science demonstrating how the water flosser reduces plaque and gingivitis

* Our range of products and tips

* How to effectively recommend Waterpik™ water flossers and tips to individual patient profiles

*How to leverage free resources and literature for your patients

*How to get a free display model for the office

*How you can benefit from your own WATERPIK water flosser with low professional pricing and free shipping

https://www.waterpik.com/pro/lunch-learn/

d.      On information and belief, employees of defendants WATER PIK and/or CHURCH & DWIGHT who presented Lunch & Learn presentations received literature, documents and products at their designated physical addresses in California, including the Southern District of California.  These designated addresses of the Lunch & Learn presenters constitute a regular and established place of business even if a designated address is also the Lunch & Learn presenter's home.

e.      The place of business of defendants WATER PIK and/or CHURCH & DWIGHT is the designated physical addresses in California, including the Southern District of California, of employees of defendants WATER PIK and/or CHURCH & DWIGHT who presented Lunch & Learn.  The presenters of Lunch & Learn with designated physical addresses in the Southern District of

California conducted Lunch & Learn presentations in dental offices in the Southern District of California.

f.      On information and belief, employees of defendants WATER PIK and/or CHURCH & DWIGHT who presented Lunch & Learn presentations did business through a permanent and continuous presence in the Southern District of California.

g.      On information and belief, defendants WATER PIK and/or CHURCH & DWIGHT were obligated to treat its presenters of Lunch & Learn in California, including the Southern District of California, as employees.   Accordingly, all obligations of an employee in California (*e.g.* minimum hourly wage, workers compensation, payment of payroll taxes) applied to presenters of Lunch & Learn in California.

h.      Defendants committed one or more acts of patent infringement in the Southern District of California within the meaning of 35 U.S.C. §271(a) that provides "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent."  On information and belief, employees of defendants WATER PIK and/or CHURCH & DWIGHT:

      (i)      used infringing Boost Tips during Lunch & Learn;

      (ii)     offered to sell or sold infringing Boost Tips on the website www.waterpik.com and in connection with Lunch & Learn; and

      (iii)    imported from China infringing Boost Tips (and other products) to California.

\\

**FIRST CAUSE OF ACTION**
**(Patent Infringement)**
**(35 U.S.C. §271(a))**

10.   Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 9 of this Complaint.

11.   Plaintiff owns patent number US9,724,178 B2 (Water Flosser Tip Having A Container For Treatment Tablets) (the "Patent") covering products it sells.

12.   Defendants have infringed the Patent directly by making, using, selling, importing and/or offering to sell infringing products in interstate commerce.  The infringing products include products with the following item numbers:

a.   Model WTT-1WW (Boost Tip)

b.   Model WP-150W/WTT-1 (Ultra Plus & Boost Tip Combo Pack).

Additional infringing products may be identified through discovery.

13.   Defendants have infringed the Patent directly by using, selling, importing and/or offering to sell infringing products in interstate commerce in connection with at least the following compatible water flosser models.

a.   Mint Green Ultra Water Flosser (WP-118)

b.   Classic Blue Aquarius™ Professional Water Flosser (WP-673)

c.   Cordless Select (WF-10W012)

d.   Cordless Slide (WF-16W010)

e.   Gray Cordless Pulse Water Flosser (WF-20CD017)

f.   Complete Care 9.0, Black with Chrome (CC-01CD012-2)

g.   Evolution and Nano (WF-07-WP-310)

h.   Ultra Plus and Nano Plus (WP-150-320)

i.   Ultra Plus and Boost Tip (WP-150-WTT-1WW).

14.   Defendants' infringing Boost Tip infringes the Patent as shown on the Claim Chart attached as **Exhibit A**.

15.   Defendants' infringement has injured plaintiff and it, therefore, is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

16.   Defendants' infringement has been willful and deliberate.  Plaintiff's Patent was cited in Patent registrations owned by defendant WATER PIK, including:

  a. USD825741S1 Oral irrigator handle;

  b. CA3051863C Dental cleaning tablets comprising glycine as abrasive

  c. USD868243S1 Oral irrigator tip

17.   Defendants' infringement has injured and will continue to injure plaintiff, unless and until this Court enters an injunction, which prohibits further infringement and specifically enjoins further manufacture, use, sale, importation and/or offer for sale of products or services that come within the scope of the Patent.

18.   Therefore, the plaintiff demands:

  a. An injunction preliminarily and permanently prohibiting further infringement, inducement and contributory infringement of the patent-in-suit pursuant to 35 U.S.C. §283;

  b. An award of damages adequate to compensate for the infringement, including plaintiff's lost profits, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court pursuant to 35 U.S.C. §284;

  c. Treble damages permitted by 35 U.S.C. §284;

  d. A finding that this case is exceptional and an award to plaintiff

of its attorney fees and costs as provided by 35 U.S.C. §285;

e.     An award of costs; and

f.     Such other and further relief as this Court or a jury may deem proper and just.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment and/or orders as follows:

1.     Entry of temporary, preliminary and permanent injunctions pursuant to 35 U.S.C. §283 (patent)  and Federal Rule of Civil Procedure 65 including orders enjoining defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith:

a.     From making, manufacturing or causing to be manufactured, importing, using, advertising or promoting, distributing, selling or offering to sell products that infringe the Patent;

b.      From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, packaging or manuals that infringe plaintiff's patents; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products that infringe plaintiff's patents.

2.     An award of damages adequate to compensate for the infringement, including plaintiff's lost profits, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court pursuant to 35 U.S.C. §284 and trebled pursuant to 35 U.S.C. §284.

3.     Entry of an award of plaintiff's costs and reasonable attorney fees and investigative fees associated with bringing this action pursuant to 35 U.S.C. §285.

4.     For other appropriate equitable relief including an accounting of defendants' profits, an asset freeze, an equitable lien, and a constructive trust for the benefit of plaintiff of all gains, profits and advantages derived by defendants

from their acts of infringement and other violations of law to avoid dissipation and/or fraudulent transfers of such monies by defendants.

5.   Entry of an award of pre-judgment interest on the judgment amount.

6.   Entry of an Order for any further relief as the Court may deem just and proper.

7.   Such other and further relief as the court may deem necessary or appropriate.

Dated: May 1, 2026

LAW OFFICES OF DARREN J. QUINN
DARREN J. QUINN

s/s/ Darren J. Quinn
Darren J. Quinn

12702 Via Cortina, Suite 105
Del Mar, CA 92014
Telephone: 858-509-9401

*Attorneys for Plaintiff  WELDENTAL LLC*

## **<u>DEMAND FOR A JURY TRIAL</u>**

Plaintiff demands a trial by jury on all causes of action so triable.

Dated: May 1, 2026

Respectfully submitted,

LAW OFFICES OF DARREN J. QUINN
DARREN J. QUINN

_s/s/ Darren J. Quinn_
Darren J. Quinn

12702 Via Cortina, Suite 105
Del Mar, CA 92014
Telephone: 858-509-9401

*Attorneys for Plaintiff  WELDENTAL LLC*